JESSE J. WETHERFORD, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error*.

Opinion Filed August 14, 1918.

Where a defendant is charged with the statutory offense of withholding the means of support from "his wife and minor child," and there is evidence on which under the Statute the defendant may be found not guilty as to his minor child, it is harmful error to charge the Jury in effect that if he withholds support from either, he is guilty under the joint charge, where the Court refuses a requested instruction that if defendant is found guilty as to his minor child alone, they should so state in their verdict.

Writ of Error to Criminal Court of Record for Hillsborough County; W. S. Graham, Judge.

Reversed.

*John B. Sutton,* for Plaintiff in Error;

*Van C. Swearingen,* Attorney General, and *C. O. Andrews,* Assistant, for the State.

WHITFIELD, J.—Wetherford was tried in the Criminal Court of Record for Hillsborough County upon an information filed January 4, 1918, charging in one count that on February 15, 1916, in said county he did unlawfully and feloniously desert and abandon his wife and minor daughter; and in another count that he did unlawfully and feloniously withhold the means of support from his wife and minor child. He was convicted under the latter count and took writ of error.

The statute, Section 1, Chapter 6483, Acts of 1913, contains a provision that any man who shall in this State withhold from his wife and child, or either of them, the means of support, shall be punished as stated therein, with a proviso that no husband shall be prosecuted under this Section for withholding from his wife where there is existing, at the time of such desertion, such cause or causes as are recognized as ground or grounds for divorce, by Statute, in this State.

There is evidence that a cause of divorce existed. The court charged the jury that if they found from the evidence that the defendant withheld from his daughter means of support, they should convict him, stating "you see each count embraces both parties, but if he is guilty of any charge made in either count, he is guilty under that count; if he is not guilty under either charge in either count, then he is not guilty under either count and you would acquit him." And refused a requested charge

that "if you find that the defendant deserted or withheld the means of support from the minor child, the form of your verdict will be: 'We, the jury, find that the defendant deserted and withheld the means of support from the minor child.'"

The charges given were confusing and harmful to the defendant, since on the evidence the jury may have found the defendant not guilty as to the wife, but guilty of withholding support from the daughter, in which case the jury should so state in the verdict.

Reversed.

BROWNE, C. J., AND TAYLOR, ELLIS AND WEST, J. J., concur.